IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| JAMES P. HUGHES, JR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 19-cv-3069 |
| JOHN MILHISER and SHERI CAREY, | ) ) ) ) |
| Defendants. | ) ) |

## MERIT REVIEW OPINION

Plaintiff James P. Hughes, Jr., filed this case pro se from the Menard Correctional Center. A review of the Illinois Department of Corrections website reveals that Plaintiff is serving a 28-year sentence for attempted (first degree murder) arising out of Sangamon County Case No. 10-CF-641. See https://www2.illinois.gov/idoc/Offender/Pages/InmateSearch.aspx (last visited March 19, 2019).

The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. This statute requires the Court to review a complaint filed by a prisoner to identify the cognizable claims and to dismiss part or all of the complaint if no claim is stated. Because

Plaintiff cannot bring his claims pursuant to 42 U.S.C. § 1983, the Complaint is dismissed.

On March 13, 2019, Plaintiff filed a Complaint (d/e 1) pursuant to 42 U.S.C. §1983 against former State's Attorney John Milhiser and Assistant State's Attorney Sheri Carey. Plaintiff alleges prosecutorial misconduct by the two Defendants, including perjury and the use of fabricated and false evidence. Plaintiff seeks dismissal of his conviction or a new trial. Plaintiff also seeks "compensation for each of the above unlawful acts knowingly done by State['s] Attorney John Milhiser in the amount of [$]500,000.00 each for his conduct at trial that led to [Plaintiff's] unlawful conviction." Compl. at 8.

Plaintiff's § 1983 claims must be dismissed. Habeas corpus is the exclusive remedy to challenge the fact or duration of one's confinement and to seek immediate or speedier release. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Hanson v. Circuit Court of First Judicial Circuit, 591 F.2d 404, 410 (7th Cir. 1979). Therefore, Plaintiff cannot use § 1983 to vacate his conviction and/or receive a new trial. A petition under 28 U.S.C. § 2254 is the exclusive remedy to challenge the fact or duration of Plaintiff's confinement.

As for Plaintiff's request for damages, Plaintiff cannot bring a § 1983 damages claim that necessarily implies the invalidity of his conviction or sentence. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (holding that a state prisoner's § 1983 damages claim must be dismissed if a judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence"). Because a judgment in favor of Plaintiff on these claims would imply the invalidity of Plaintiff's conviction, Plaintiff cannot bring his § 1983 claims for damages without first showing that his conviction or sentence has been reversed, expunged, or declared invalid. Heck, 512 U.S. at 486-87. Plaintiff cannot make that showing at this time.

**IT IS THEREFORE ORDERED:**

(1) Plaintiff's Complaint is dismissed without prejudice.

(2) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (d/e 2) is DENIED and the Motion for Appointment of Counsel (d/e 4) is DENIED AS MOOT.

(3) The Clerk of the Court is DIRECTED to send to Plaintiff the "Standard 28:2254 Writ of Habeas Corpus Packet."

(4) This case is CLOSED.

**ENTERED: March 19, 2019**

**FOR THE COURT:**

　　　　　　　　　　　　　*s/Sue E. Myerscough*
　　　　　　　　　　　　**SUE E. MYERSCOUGH**
　　　　　　　　　**UNITED STATES DISTRICT JUDGE**